UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00086-RJC

| | |
|---|---|
| SOMPIS CHUENANAN, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **Order** |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint in Part and for an Extension of Time Within Which to Answer and File the Certified Administrative Record. (DE 6). Having fully considered the written arguments and applicable authority, the Court will grant Defendant's motion.

### I. BACKGROUND

Plaintiff filed the instant Complaint on March 30, 2021, seeking reversal and remand of the ALJ's determination that Plaintiff was not disabled under the Social Security Act. (DE 1). In her Complaint, Plaintiff first argues that the ALJ's decision contained factual and legal errors. Plaintiff's second argument is a constitutional challenge based on the removal statute for the Commissioner, 42 U.S.C. §§902(a)(3), 904(b)(1)(A), which Plaintiff argues is unconstitutional as it frustrates the separation of powers. Defendant's motion to dismiss for lack of standing is in regards to the constitutional issue only.

### II. LEGAL STANDARD ON MOTION TO DISMISS FOR LACK OF STANDING

"To have Article III standing, the plaintiff must be able to show that (1) she suffered an actual or threatened injury that is concrete, particularized, and not conjectural; (2) the injury is

fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable decision." *Doe v. Virginia Dep't of State Police*, 713 F.3d 745, 753 (4th Cir. 2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. "The second and third prongs of our standing inquiry require us to determine whether [plaintiff]'s alleged injuries are fairly traceable to a defendant's conduct, and whether a favorable decision would be likely to redress these injuries." *Doe*, 713 F.3d at 755.

### III.  DISCUSSION

Defendant argues that Plaintiff's constitutional claim lacks standing as she cannot demonstrate an injury that is fairly traceable to the constitutional problem she alleges, nor can the Court redress her alleged constitutional injury by issuing a favorable judgment. Plaintiff disagrees, arguing that the connection between the Commissioner and the ALJs at the Social Security Administration, combined with this Court's ability to remand Plaintiff's case, are sufficient to satisfy the traceability and redressability requirements.

Turning to the traceability prong, the unfavorable decision on Plaintiff's disability claim, which allegedly injured Plaintiff, is not tied in any meaningful way to the statutory provision that places limits on the Commissioner's removal by the President, regardless of whether such provision is constitutional. Such a finding is consistent with Supreme Court precedent. In *Seila*, the Supreme Court held that Congress cannot limit the President's power to remove the Director of the Consumer Financial Protection Bureau to instances of "inefficiency, neglect, or malfeasance." *Seila Law v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020). The Supreme Court reached a similar conclusion the next term in *Collins*, finding the Federal Housing Finance Agency's ("FHFA") structure unconstitutionally violated the separation of powers because the

2

statute restricted the President's removal authority of the single Director "for cause." *Collins v. Yellen*, 141 S. Ct. 1761, 1787 (2001).

In her Complaint, Plaintiff argues, like in *Seila* and *Collins*, that the Social Security Act violates the separation of powers because the statute restricts the President's removal of the Commissioner. 42 U.S.C. § 902(a)(3) ("An individual serving in the office of Commissioner may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance in office."). On July 8, 2021, the Justice Department's Office of Legal Counsel (OLC) issued an opinion that the removal restriction for the Commissioner violates the separation of powers in light of *Seila* and *Collins* and concluded the President may remove the Commissioner at will, notwithstanding the statutory removal limitation. *The Constitutionality of the Commissioner of Social Security's Tenure Protection*, 45 Op. O.L.C. ——, slip op. (July 8, 2021).

However, in *Collins*, after the Supreme Court concluded the FHFA's structure was unconstitutional, it explained that because the Director who headed the FHFA was properly appointed there was "no reason to regard any of the actions taken by the FHFA . . . as void" and explained that plaintiffs are not entitled to retrospective relief without showing the unconstitutional provision "inflict[ed] compensable harm." *Collins*, 141 S. Ct. at 1787-89. In other words, "the unlawfulness of the removal provision does not strip the Director of the power to undertake the other responsibilities of his office" when he is properly appointed simply because of the unconstitutional restrictive removal provision; rather, for retroactive relief plaintiffs must show they were harmed by the unconstitutional provision. *Id.* at 1788 n.23. The Supreme Court provided examples of when the statutory removal restriction may cause harm even with a properly appointed director. For example, if "the President had attempted to remove a Director but was prevented from doing so by a lower court decision holding that he did not have 'cause' for

3

removal" or if the "President had made a public statement expressing displeasure with actions taken by a Director and had asserted that he would remove the Director if the statute did not stand in the way." *Id.* at 1788. The case was remanded for the lower courts to decide in the first instance whether the unconstitutional removal restriction caused harm to the plaintiffs. *Id.* at 1789. Applying these principles to the social security context, "a plaintiff must demonstrate some nexus between the removal protection and the injury [he] alleges in order to present a cognizable challenge to the constitutionality of the Social Security Commissioner's for-cause removal protection." *Engle v. Comm'r of Soc. Sec.*, No. 5:20-CV-00194-RJC, 2022 WL 902742, at *3 (W.D.N.C. Mar. 28, 2022) (citing *Satterthwaite v. Kijakazi*, No. 3:20-cv-724-MOC, 2022 WL 468946, at *3 (W.D.N.C. Feb. 15, 2022)).

Here, Plaintiff has failed to show this nexus and cannot meet the traceability requirement. Plaintiff convincingly argues the Social Security Act's restrictive removal provision is unconstitutional. However, the existence of the unconstitutional removal provision alone cannot entitle Plaintiff to a new hearing. Plaintiff fails to show how she was harmed by the restrictive removal provision. Plaintiff's response brief makes two conclusory arguments as to traceability. First, she argues that the "ALJ's are in effect using the Commissioner's authority on loan, and thus flaws in the Commissioner's authority are flaws in the ALJ's authority." (DE 9 at 2). Next, she argues "the Commissioner has broad authority over the structure of the Agency and the rules governing the decisions made by ALJs." *Id.* This argument fails in light of *Collins*, which held that the actions of an agency are not void based on an improper removal provision when the Director is properly appointed. As in *Collins*, the Commissioner was properly appointed[1] and the

---

[1] Plaintiff's argument that Acting Commissioner Berryhill appointed the present ALJ without proper authority as it was after the 210-day limit established by Congress under 5 U.S.C. § 3346 fails. "Under the Federal Vacancies Reform Act (FRVA), 5 U.S.C. § 3346(a)(1), even if Ms. Berryhill's initial eligibility to serve as Acting Commissioner previously expired, then-President Trump nominated Andrew Saul for Commissioner in April 2018, such that Ms.

4

decisions of the ALJs are not void. *Collins*, 141 S. Ct. at 1787-89. Moreover, Plaintiff fails to cite any legal authority or otherwise explain how the removal provision impacted the ALJ's decision to rule against her disability claim. Because Plaintiff has not demonstrated a nexus between the statutory removal provision and her alleged injury, she cannot show traceability sufficient to satisfy the standing requirement.[2]

Regardless, even if Plaintiff could show traceability, she cannot show redressability. An injury is redressable if it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000). Here, Plaintiff's injury would be redressed if, upon reversal and remand, an ALJ found her disabled. However, remanding the case for a new hearing on the merits because of the allegedly unconstitutional removal statute has no bearing on the likelihood of Plaintiff succeeding on the merits. This, in it of itself, makes any potential remedy this Court can give on the constitutional claim entirely speculative as it is entirely possible, and likely probable, that after a new hearing before a new ALJ the same outcome would be reached. This is because Plaintiff's constitutional claim is entirely separated from her disability claim, making any potential relief on

---

Berryhill once again was eligible to serve as Acting Commissioner. The FVRA incorporates a spring-back provision, which permits the acting officer to begin performing the functions and duties of the vacant office again upon the submissions of a nomination, even if the 210-day period expired before that nomination was submitted." *Hutchens v. Kijakazi*, No. 1:20-CV-1124, 2021 WL 5834409, at *7 (M.D.N.C. Dec. 9, 2021).

[2] *Engle v. Comm'r of Soc. Sec.*, No. 5:20-CV-00194-RJC, 2022 WL 902742, at *4 (W.D.N.C. Mar. 28, 2022) ("Because Engle has not demonstrated a nexus between the statutory removal protection and his alleged injury, he is not entitled to a new hearing."); *Helms v. Comm'r of Soc. Sec.*, 3:20-cv-589-MOC, 2021 U.S. Dist. LEXIS 230193, at *7 (W.D.N.C. Dec. 1, 2021) ("The Court finds that it is implausible that the Commissioner's protection from removal from office, whether constitutional or not, could have affected ALJ Goodson's decision or any other aspect of the administrative litigation in a material way. Because Plaintiff has not shown that she was in any way injured by the removal protection provision, she does not have standing to litigate its constitutionality."); *Watkins v. Kijakazi*, No. 1:20-CV-00380-MR-WCM, 2022 WL 822166, at *1 (W.D.N.C. Mar. 18, 2022) ("Plaintiff was required to demonstrate a nexus between the unconstitutional removal restriction and the denial of his claim for disability benefits, but that the Plaintiff had failed to do so. . . . [H]arm [cannot] be presumed from the constitutional violation itself."); *Shelton v. Kilolo Kijakazi*, No. 1:21-CV-43-GCM, 2022 WL 130981, at *3 (W.D.N.C. Jan. 13, 2022) ("Plaintiff herein offers no evidence to demonstrate a nexus between Section 902(a)(3)'s removal restriction and the denial of his benefits claim").

remand purely speculative.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint in Part and for an Extension of Time Within Which to Answer and File the Certified Administrative Record, (DE 6), is **GRANTED**;

2. Plaintiff's constitutional claim is **DISMISSED**; and

3. Defendant shall have an additional fourteen (14) days from the date of this Order in which to answer and file the certified administrative record, or otherwise respond to Plaintiff's Complaint.

**SO ORDERED**.

Signed: May 4, 2022

Robert J. Conrad, Jr.
United States District Judge